[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12694
Non-Argument Calendar
_____

D. C. Docket No. 93-00255-CR-T-27-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JALCA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(January 23, 2007)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Jose Jalca appeals his sentence wherein the district court denied

him a minor-role reduction pursuant to U.S.S.G. § 3B1.2(b). Jalca pled guilty to one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. On appeal, Jalca argues that the district court clearly erred in denying him a minor-role adjustment.[1] Jalca states his role was minor since he merely acted as a broker by trying to find a buyer for the cocaine, which he never succeeded in doing. Additionally, Jalca was not involved in the initial phase of the conspiracy, where the drugs were transported into the United States.

"This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The proponent of the downward adjustment always bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id*. at 939. In determining the defendant's role, the decision falls within the sound discretion of

---

[1] In the Standard of Review portion of his brief, Jalca mentions that this court should review his sentence for reasonableness under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In his Summary of the Argument, Jalca states the district court ignored 18 U.S.C. § 3553(a) because a sentence less than 188 months would have been sufficient due to his role as a broker in the transaction. Jalca did not develop these arguments any further, and the government did not address any of these arguments in its brief.

"We may decline to address an argument where a party fails to provide arguments on the merits of an issue in its initial or reply brief. Without such argument the issue is deemed waived." *United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006). Since Jalca did not substantively address his arguments that his sentence was not reasonable and that the district court violated 18 U.S.C. § 3553(a), his arguments are deemed waived and will not be addressed here.

the district court: "a trial court's choice between 'two permissible views of the evidence' is the very essence of the clear error standard of review." *Id*. at 945. (citation omitted).

The Sentencing Guidelines permit a court to decrease a defendant's offense level by two points if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2(b). A defendant is a minor participant if he is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). In determining whether a mitigating-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. In looking to relevant conduct, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." *Id*. at 941.

Under the first prong of the *De Varon* analysis, we conclude from the record that the district court correctly compared Jalca's conduct, his involvement in trying to find a buyer for and testing the 99.4 kilograms of cocaine, with the conduct for

which he was sentenced, conspiracy with intent to distribute 99.4 kilograms of cocaine.

Under the second prong of the analysis, the district court stated:

> He was a willing and knowing conspirator.  His role might have been slightly different than others in the sense that he didn't have a proprietary interest in the cocaine, but nonetheless, he stood to gain a substantial amount of money for his participation in the role as broker/negotiator.

Jalca discussed prices for the cocaine with the undercover agents, brought a potential buyer to the warehouse where the cocaine was located, and inspected and tested the cocaine.  At the sentencing hearing, Jalca's attorney admitted that Jalca would have received $1,000 per kilogram of cocaine for finding a buyer.  Jalca's potential fee was approximately $99,000, while the actual sales price for the cocaine was $200,000.

Since the district court's findings are supported by the record, and the court properly applied the analysis established by *De Varon*, Jalca has failed to meet his burden, and the district court did not clearly err in denying Jalca a minor-role reduction.  Accordingly, we affirm Jalca's sentence.

**AFFIRMED.**

4